| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | FILED<br>JAMES J. WALDRON<br>FEB 2 9 2008<br>U.S. BANKRUPTCY COURT<br>NEWARK, N.J.<br>BY _____ DEPUTY |
| In re<br><br>JACK C. BENUN,<br>                Debtor. | Case No.:    03-32195 (MS)<br><br>Chapter 7 |
| FUJI PHOTO FILM CO., LTD.,<br><br>                Plaintiff,<br><br>v.<br><br>JACK C. BENUN,<br><br>                Defendant. | Adv. Pro. No. 03-2615 (MS) |

**ORDER AND JUDGMENT (i) EXCEPTING FROM DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(6) PLAINTIFF'S CLAIM ARISING FROM A PORTION OF DISTRICT COURT JUDGMENT (ENTERED MARCH 18, 2003, U.S.D.C., N.J.); (ii) FIXING CLAIM AMOUNT FOR PLAINTIFF'S PATENT INFRINGEMENT-BASED INJURY IN THE AUGUST 21, 2001 TO DECEMBER 12, 2003 PERIOD; AND (iii) EXCEPTING FROM DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(6) A PORTION OF PLAINTIFF'S CLAIM ARISING IN THE AUGUST 21, 2001 TO DECEMBER 12, 2003 PERIOD.**

    The relief set forth on the following page(s) numbered two (2) through four (4) is hereby ORDERED and ADJUDGED.

Dated: February 29, 2008

                                                        MORRIS STERN<br>
                                                        United States Bankruptcy Judge

Page 2
Debtor(s):             Jack C. Benun
Case No.               03-32195 (Adv. Pro. No. 03-2615)
Caption of Order:      **Order and Judgment (i) Excepting From Discharge Pursuant To 11 U.S.C. § 523(a)(6) Plaintiff's Claim Arising From a Portion of District Court Judgment (Entered March 18, 2003, U.S.D.C., N.J.); (ii) Fixing Claim Amount for Plaintiff's Patent Infringement-Based Injury in the August 21, 2001 to December 12, 2003 Period; and (iii) Excepting From Discharge Pursuant to 11 U.S.C. § 523(a)(6) a Portion of Plaintiff's Claim Arising in the August 21, 2001 to December 12, 2003 Period.**

This matter, coming before the court for trial beginning on July 26, 2006 and continuing periodically over twenty-three trial days, culminating in closing oral argument on January 25, 2008;

And, Stroock, Stroock & Lavan, LLP (Lawrence Rosenthal, Esq., Matthew W. Siegal, Esq., and Angie M. Hankins, Esq.) and Lowenstein Sandler, PC (Bruce Buechler, Esq.) appearing on behalf of the plaintiff, Fuji Photo Film. Co., Ltd., and Riker, Danzig, Scherer, Hyland, & Perretti, LLP (Dennis O'Grady, Esq., Joseph L. Schwartz, Esq., Seth H. Lieberman, Esq., and Kevin J. Larner, Esq.) appearing on behalf of the defendant, Jack C. Benun;

And for good cause shown, including the reasons set forth in the court's Opinion of this date; it is

**ORDERED** and **ADJUDGED** that:

1. Plaintiff's claim against defendant arising out of that certain United States District Court Judgment, Civil Case No. 99-2937 (FSH) (District of New Jersey, entered March 18, 2003), shall be discharged pursuant to 11 U.S.C. § 727, *except*, pursuant to 11 U.S.C. § 523(a)(6), to the extent of that portion of the said

Page 3
Debtor(s):        Jack C. Benun
Case No.          03-32195 (Adv. Pro. No. 03-2615)
Caption of Order: **Order and Judgment (i) Excepting From Discharge Pursuant To 11 U.S.C. § 523(a)(6) Plaintiff's Claim Arising From a Portion of District Court Judgment (Entered March 18, 2003, U.S.D.C., N.J.); (ii) Fixing Claim Amount for Plaintiff's Patent Infringement-Based Injury in the August 21, 2001 to December 12, 2003 Period; and (iii) Excepting From Discharge Pursuant to 11 U.S.C. § 523(a)(6) a Portion of Plaintiff's Claim Arising in the August 21, 2001 to December 12, 2003 Period.**

---

judgment attributable to inducement to infringe by sale of 1,290,760 cameras under a "Sesame Street™" license, which portion of the said judgment shall not be discharged in bankruptcy nor disturbed by this Order and Judgment;

2. Plaintiff's claim to injury arising from defendant's inducement to infringe plaintiff's patent rights in the August 21, 2001 to December 12, 2003 period is hereby deemed proven and liquidated in the total amount of $6,139,372, of which $4,978,586 accrued before the filing of defendant's bankruptcy petition on July 2, 2003, and $1,160,786 accrued post-petition.

3. Plaintiff's claim to injury arising from defendant's inducement to infringe plaintiff's patent rights in the August 21, 2001 to December 12, 2003 period shall be discharged pursuant to 11 U.S.C. § 727, *except*, pursuant to 11 U.S.C. § 523(a)(6), to the extent of $3,307,130, of which $2,146,344 accrued before the filing of defendant's bankruptcy petition on July 2, 2003, and $1,160,786 accrued post-petition.

4. That portion of plaintiff's claim excepted from bankruptcy discharge hereunder, referenced in decretal paragraph 3 above, are and shall be a judgment against

Page 4
Debtor(s):         Jack C. Benun
Case No.           03-32195 (Adv. Pro. No. 03-2615)
Caption of Order:  **Order and Judgment (i) Excepting From Discharge Pursuant To 11 U.S.C. § 523(a)(6) Plaintiff's Claim Arising From a Portion of District Court Judgment (Entered March 18, 2003, U.S.D.C., N.J.); (ii) Fixing Claim Amount for Plaintiff's Patent Infringement-Based Injury in the August 21, 2001 to December 12, 2003 Period; and (iii) Excepting From Discharge Pursuant to 11 U.S.C. § 523(a)(6) a Portion of Plaintiff's Claim Arising in the August 21, 2001 to December 12, 2003 Period.**

---

defendant. Post-judgment interest pursuant to 28 U.S.C. § 1961 shall be allowed on said judgment; however, no increased or punitive damages, prejudgment interest or attorneys' fees or costs, pursuant to 35 U.S.C. § 284 or otherwise, are awarded.

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on February 29, 2008, a copy of the foregoing Order and Judgment (i) Excepting From Discharge Pursuant To 11 U.S.C. § 523(a)(6) Plaintiff's Claim Arising From a Portion of District Court Judgment (Entered March 18, 2003, U.S.D.C., N.J.); (ii) Fixing Claim Amount for Plaintiff's Patent Infringement-Based Injury in the August 21, 2001 to December 12, 2003 Period; and (iii) Excepting From Discharge Pursuant to 11 U.S.C. § 523(a)(6) a Portion of Plaintiff's Claim Arising in the August 21, 2001 to December 12, 2003 Period, along with the accompanying Opinion of even date were mailed to each of the following:

Bruce Buechler, Esq.
LOWENSTEIN SANDLER, PC
65 Livingston Avenue
Roseland, NJ 07068
*Attorneys for Plaintiff, Fuji Photo Film Co., Ltd.*
    -and-
Lawrence Rosenthal, Esq.
Matthew W. Siegal, Esq.
Angie M. Hankins, Esq.
STROOCK, STROOCK & LAVAN, LLP
180 Maiden Lane
New York, NY   10038
*Attorneys for Plaintiff, Fuji Photo Film Co., Ltd.*

Dennis O'Grady, Esq.
Joseph L. Schwartz, Esq.
Seth H. Lieberman, Esq.
Kevin J. Larner, Esq.
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
*Attorneys for Defendant, Jack C. Benun*

Dated: February 29, 2008

Margaret Cohen
Judicial Assistant to Hon. Morris Stern, U.S.B.J.